**E-FILED on**   11/24/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHALID MOHAMMAD,<br><br>       Plaintiff,<br><br>    v.<br><br>ANDY LIU,<br><br>       Defendant. | No. C-06-03498 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket No. 15]** |

      Defendant Andy Liu ("Liu") moves to dismiss Khalid Mohammad's ("Mohammad") complaint alleging that Liu "abetted" prosecutors from Monterey County in violating his rights under the Eighth and Fourteenth Amendments. Mohammad also claims that Liu aided county officials in seizing Mohammad's computer and in transferring fabricated evidence to it. In addition, Mohammad asserts that Liu discriminated against him by selecting Mohammad for interrogation based on his race and national origin. Further, Liu allegedly failed to pursue charges against a minor for child pornography distribution despite Mohammad's request that he do so. Mohammad has not filed an opposition to this motion.

# I.  BACKGROUND

Andy Liu is a Special Agent with the Federal Bureau of Investigation ("FBI").  Liu Decl. 1. In 2005, Agent Liu participated in the FBI's Source Development Initiative ("SDI") which involved interviewing inmates to evaluate their potential use as sources of anti-terrorism intelligence.  *Id.*  Liu asserts that the interviews were done on a voluntary basis and that his questions did not relate to the subject matter of an inmate's pending charges.  *Id.*  Liu admits that interview subjects were selected based on the inmate's "background" and "ties to groups or countries of interest."  *Id.*

On November 16, 2004, Khalid Mohammad, a resident of New York, was arrested in King City, California, in Monterey County, for possession of child pornography.  Compl. 1, 3. Mohammad was later additionally charged with attempted extortion and extortion.  *Id.* at 4.  The child pornography charges were later dropped and Mohammad entered into a plea-bargain agreement on the extortion charges.  *Id.* at 4, 5.  However, Mohammad asserts that he refused to plead guilty at the sentencing hearing.  *Id.* at 5.  Mohammad changed his plea to no-contest. *Mohammad v. Monterey County Law Enforcement*, SAC at 4, Case No. C-05-02383, Doc. Item No. 23.  Mohammad claims that he was incarcerated for more than six months and that this interval exceeded his sentence.  Compl. at 6.  Further, Mohammad alleges that Liu aided Monterey County prosecutors in seizing Mohammad's computer and transferring fabricated evidence to it.  *Id.* at 2. During his time in jail, Mohammad asserts, Monterey County prosecutors and Liu "periodically interviewed" him, offering "rewards" if Mohammad would make a confession.  *Id.* at 6.  Mohammad maintains that Liu discriminated against him based on race and national origin by "selecting and investigating" Mohammad during his incarceration without probable cause.  *Id.* at 8.  Liu claims that he interviewed Mohammad only once, on April 21, 2005, and that he informed Mohammad that the questioning was unrelated to the extortion matter.  Liu Decl. 2.  The interview was part of the FBI's Source Development Initiative ("SDI") which sought to recruit from among the prison population potential sources of intelligence on extremist Islamic groups.  *Id.*  Mohammad claims he was released from jail on May 31, 2005, and that he spoke with Liu shortly thereafter.  Compl. 6.  Liu avers that he received a phone call from Mohammad approximately one year after their interview in which Mohammad inquired about the nature of their earlier meeting.  Liu Decl. 2.

1  On June 10, 2005, Mohammad filed a complaint in this court concerning his November 2004
2  arrest for possession of child pornography, naming the State of California as defendant. *Mohammad*
3  *v. State of California*, Compl., Case No. C-05-02383, Doc. Item No. 1. The court granted the State's
4  motion to dismiss on November 3, 2005. Order Granting the State of California's Motion to
5  Dismiss, Case No. C-05-02383, Doc. Item No. 22. On November 14, 2005, Mohammad filed a
6  second amended complaint naming "Monterey County Law Enforcement" as defendants.
7  *Mohammad v. Monterey County Law Enforcement*, SAC, Case No. C-05-02383, Doc. Item No. 23.
8  The court granted defendants' motion to dismiss Mohammad's complaint with prejudice in February
9  2006. Order Granting Defs. Mot. to Dis. and Denying Pls. Mot., Case No. C-05-02383, Doc. Item
10 No. 37. On May 31, 2006, Mohammad filed a complaint with this court naming Andy Liu as
11 defendant. Compl. 1.

## II.  ANALYSIS

13 Mohammad's claims in this suit are that Andy Liu (1) "abetted" prosecutors from Monterey
14 County in violating his rights under the Eighth and Fourteenth Amendments, (2) helped Monterey
15 County law enforcement officers seize Mohammad's computer and plant fabricated evidence on it,
16 (3) refused to investigate a minor for alleged child pornography despite Mohammad's request that
17 charges be pursued, and (4) discriminated against Mohammad by selecting him for interrogation on
18 the basis of his race and national origin.

19 Though Mohammad alleges the above violations, his complaint is factually deficient.
20 Indeed, the only concrete allegation of fact supporting Liu's involvement is the SDI interview, which
21 Liu has credibly explained. Consequently, none of Mohammad's claims allege sufficient facts to
22 survive a motion to dismiss. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and
23 plain statement of the claim showing that the pleader is entitled to relief." When a complaint
24 demonstrates either a "lack of a cognizable legal theory or the absence of sufficient facts alleged
25 under a cognizable legal theory," the court must dismiss it pursuant to Federal Rules of Civil
26 Procedure Rule 12(b)(6). *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). To
27 protect law enforcement officials from nonmeritorious suits founded on unsupported assertions of
28 wrongdoing, the courts have held that plaintiffs who sue police officers must present sufficient facts

to support their claim for relief.  Condemning such unsubstantiated claims, the Supreme Court held that courts should vigorously apply the Federal Rules of Civil Procedure to "ensure that Federal officials are not harassed by frivolous lawsuits." *Butz v. Economou*, 438 U.S. 478, 507 (1978).

### A.  Computer Seizure and Tampering Claims Are Unsupported

In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider whether the facts offered by the plaintiff are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Mohammad asserts that Liu assisted Monterey County prosecutors in seizing and transferring fabricated evidence to Mohammad's personal computer.  However, Mohammad offers no factual support for these allegations, nor does he explain Liu's role in the alleged plot.  Mohammad admits that he was under criminal investigation at the time of the alleged seizure of his computer.  As defendant points out, FBI agents are empowered under 18 U.S.C. § 3107 to enter a suspect's home in order to collect evidence for a criminal proceeding.  Mohammad does not allege that Liu entered his home without a search warrant, nor that the intrusion was outside the bounds of Liu's official duties.  In the absence of factual allegations to support his legal conclusions, Mohammad cannot establish a valid claim.

### B.  Facts Are Insufficient to Show Interview Was Discriminatory

Dismissal under Federal Rules of Civil Procedure Rule 12(b)(6) is proper when a complaint demonstrates either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  While the court must construe the facts in the light most favorable to the plaintiff, it is not obliged to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Mohammad asserts that his jailhouse interview with Liu was discriminatory.  However, Mohammad offers no factual support for his conclusory statement, claiming only that the interview occurred and that its motivation was race-based.  By way of support, Mohammad alleges that Liu admitted Mohammad had been selected for participation in the SDI program based on his race and

1 national origin. Even if true, that allegation on its own does not show that Liu acted with
2 discrimination. Liu has credibly explained that the voluntary interviews were conducted for national
3 defense purposes and participation did not have any impact on an inmate's case. Mohammad's
4 complaint therefore lacks sufficient detail about the interview to state a claim for relief from
5 discrimination.

### C. Plaintiff is Precluded from Pleading Dismissed Claims Anew

Plaintiffs are barred from resubmitting claims that were already raised, or could have been raised, in a prior lawsuit. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). A claim is precluded by a decision in a previous suit when three conditions are satisfied: (1) the claims set forth are identical, (2) the parties in both suits are identical, or are in privity with the parties in the prior action, and (3) a final judgement on the merits was rendered in the prior suit. *Gospel Mission of America v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003). Privity may exist "when there is sufficient commonality of interest" between the defendants in both suits. *Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 322 F.3d 1064 (9th Circ. 2003).

Mohammad's complaint against Liu repeats many of the allegations raised in his prior suit against "Monterey County Law Enforcement". In the instant case, Mohammad alleges that Liu "aided and abetted" the same law enforcement officials in Monterey County who stood as defendants in his previous suit. Mohammad sets forth largely the same litany of claims against Liu that he raised against the Monterey County Law Enforcement for violations of his Eighth and Fourteenth Amendment rights. If Mohammad's allegations are taken to be true, then the court may reasonably construe the relationship between Liu and the Monterey County officials as one of co-conspirators. Such coordinated involvement represents a "commonality of interest" and therefore Liu may reasonably be considered to be in privity with the previous defendants. This court issued a final judgment in the previous suit against Monterey County when it dismissed Mohammad's complaint with prejudice in February 2006. Because Liu is in privity with the previous defendant, the claims here are identical and a final judgment has been rendered on the previous suit, the court thus dismisses Mohammad's complaint that Liu "abetted" Monterey County's alleged violations of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. C-06-03498 RMW
CEA                                                                                 5

1  his Eighth and Fourteenth Amendment rights.

2        **D.    The Court Cannot Order an Investigation**

3        For the second time, Mohammad attempts to compel the court to order police to conduct an
4  investigation of a minor for alleged acts of child pornography distribution. However, in its order
5  dismissing with prejudice Mohammad's suit against "Monterey County Law Enforcement," this
6  court held that it had no authority to order such an investigation. Order Granting Defs. Mot. to Dis.
7  and Denying Pls. Mot., Case No. C-05-02383, Doc. Item No. 37.  As the court observed then,
8  "[T]he law is also clear that there is no constitutional, statutory, or common law right that a private
9  citizen has to require a public official to investigate or prosecute a crime." *White v. City of Toledo*,
10 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (internal citation and quotation marks omitted).
11 Accordingly, the court dismisses Mohammad's claims with prejudice to the extent they allege that
12 the defendant failed to take any action with respect to the alleged child pornography.

13       **E. Liu's Remaining Defenses**

14       In light of the pleading deficits, the court does not reach Liu's defenses of qualified
15 immunity, lack of subject matter jurisdiction, and lack of personal jurisdiction. The bases for
16 dismissal described above arise out of the dearth of sufficient factual allegations in the complaint to
17 state a claim. It is true that courts, being generally lenient to those who represent themselves, hold
18 that "a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to
19 overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v.*
20 *Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). However, in this case the court finds that, even if
21 permitted to amend, Mohammad's claims against Liu would be without merit. Therefore, plaintiff's
22 claims will be dismissed with prejudice.

23       **III. ORDER**

24       For the reasons stated above, defendants motion to dismiss is granted with prejudice.

25

26

27 DATED:    11/21/08                       *Ronald M Whyte*

28                                                RONALD M. WHYTE
                                               United States District Judge

**United States District Court**
**For the Northern District of California**

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Khalid Mohammad
3050 Lexington Court
Marina, CA 93933
PRO SE

**Counsel for Defendants:**

Claire T. Cormier            claire.cormier@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/24/08                                    JAS
                                            **Chambers of Judge Whyte**